■ In the Matter of HENRY CALVI, Respondent, v JAMES R. DUMPSON, as Commissioner of the Department of Social Services of the City of New York, Respondent, and STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, Appellant.—Judgment, Supreme Court, Bronx County, entered May 13, 1976, granting petitioner's application to the extent of $600, unanimously reversed, on the law, without costs or disbursements, and vacated, the application denied and the petition dismissed. Petitioner voluntarily paid the burial expenses of his mother and sought reimbursement from the Department of Social Services. He admitted, and respondents found, that decedent was not a recipient of public assistance. Under such circumstances, respondents correctly determined that petitioner was not entitled to a burial allowance. (Social Services Law, § 141, subd 3.) Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.

■ SEA CREST LINEN SUPPLY CO., INC., Appellant-Respondent, v HIGHLANDS INSURANCE CO. et al., Respondents-Appellants.—Order, Supreme Court, New York County, entered February 17, 1976, denying both the plaintiff's motion and the defendants' cross motion for summary judgment, unanimously affirmed, without costs and without disbursements. On a motion for summary judgment we cannot hold that the loss payee of the insurance policy is entitled to no favorable inference from the insurer's sending it a notice of cancellation after the fire even though it was not required to send it a notice at all. Nor can we hold that it would be entitled to no favorable inference from the insurer's endorsing it on the policy as a loss payee after the time when the insurer claimed it had sent notices of cancellation. Thus the insurer's evidence that the notices of cancellation were properly mailed is not met by a naked denial. The latter is supported by whatever inferences the trier of the facts can derive from all of the evidence. Concur—Stevens, P. J., Markewich, Kupferman, Silverman and Lynch, JJ.